UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNSON, #212417,

        Petitioner,

                                                CASE NO. 11-CV-13364
v.                                          HON. JOHN CORBETT O'MEARA

TOM MACKIE,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Brian Johnson ("Petitioner") was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2004. He is currently serving 30 to 50 years imprisonment on the murder conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his pleadings, Petitioner raises claims concerning the effectiveness of appellate counsel on re-sentencing appeal, the bind-over decision and amendment to the information, the absence of trial counsel during jury "re-instruction," the effectiveness of trial counsel in preparing for trial, and the effectiveness of appellate counsel on direct appeal. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and

denies leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from the shooting death of Kevin Ross, the father of a child whose mother is Petitioner's ex-girlfriend Kienda Lewis, in Detroit, Michigan on June 7, 2000. The Michigan Court of Appeals set forth the following facts, which are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

> This case arose out of the shooting death of Kevin Ross (Ross) on June 7, 2000. Defendant was seen arriving at the home of Lucille Coles, the aunt of Kienda Lewis. Lewis, who was inside the home, heard shots, looked outside and saw Ross's car spinning in a field. Another witness heard the shots and saw defendant with something in his hand, and then saw defendant flee hastily in a car.

*People v. Johnson*, No. 259067, 2006 WL 708221, *1 (Mich. Ct. App. March 21, 2006) (unpublished). Petitioner did not testify at trial. His defense was that the prosecution's evidence was circumstantial and that his guilt could not be proven beyond a reasonable doubt.

At the close of trial, the jury found Petitioner guilty of second-degree murder, felon in possession of a firearm, and felony firearm. The trial court sentenced Petitioner, as a fourth habitual offender, to 40 to 75 years imprisonment on the murder conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising prosecutorial misconduct claims. The court denied relief on those claims and affirmed his convictions. *Id*. Petitioner did not appeal this decision to the Michigan Supreme Court.

In 2009, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the bind-over decision and amendment to the information, the absence of trial

counsel during jury "re-instruction," the effectiveness of trial counsel in preparing for trial, the prosecutor's failure to timely file a fourth habitual offender notice, and the effectiveness of appellate counsel. The trial court ruled that the prosecutor failed to properly file the habitual offender notice and ordered that Petitioner be re-resentenced, but denied relief on the other claims. *People v. Johnson*, No. 04-6744-01 (Wayne Co. Cir. Ct. Mar. 2, 2009). On July 16, 2009, the trial court conducted a hearing and re-sentenced Petitioner to 30 to 50 years imprisonment on the second-degree murder conviction. Petitioner's other sentences remained the same.

Following re-sentencing, Petitioner filed a claim of appeal with the Michigan Court of Appeals. Petitioner's second appointed appellate counsel, Donald Cook, subsequently moved to withdraw as counsel under Michigan Court Rule 7.211(C)(5) claiming that there were no meritorious issues for appeal such that any appeal would be "wholly frivolous." Appellate counsel filed a brief discussing why the issues of jury re-instruction, sentencing proportionality, and the scoring of the sentencing guidelines lacked merit. The Michigan Court of Appeals reviewed the proceedings, agreed that an appeal would be "wholly frivolous," granted the motion to withdraw, and affirmed Petitioner's new sentence. *People v. Johnson*, No. 293566 (Mich. Ct. App. April 15, 2010). Petitioner filed an application for leave to appeal with the Michigan Supreme Court asserting that second appointed appellate counsel was ineffective. The court denied leave to appeal in a standard order. *People v. Johnson*, 488 Mich. 856, 787 N.W.2d 509 (2010).

Petitioner also filed a separate application for leave to appeal with the Michigan Court of Appeals regarding the trial court's denial of the other claims raised in his motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal under Michigan Court Rule 6.508(D). *People v. Johnson*, No. 296736 (Mich. Ct. App. July 14, 2010). Petitioner filed an

application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Johnson*, 488 Mich. 1046, 794 N.W.2d 587 (2011).

Petitioner thereafter instituted this federal habeas action. He raises the following claims:

I. He was denied the effective assistance of counsel on appeal following his resentencing when his appellate counsel, Donald Cook, failed to recognize and argue that the trial court erred in denying his motion for relief from judgment on his claim of a structural error based on ineffective assistance of counsel.

II. He was denied the effective assistance of counsel on appeal following his resentencing when his appellate counsel, Donald Cook, failed to recognize and argue that Petitioner's resentencing was disproportionate and based on inaccurate information.

III. He was denied the effective assistance of counsel of appeal following his resentencing when his appellate counsel, Donald Cook, failed to recognize and argue that the guidelines were improperly scored because they were based on inaccurate information.

IV. He was improperly bound over to the circuit court for trial.

V. He was denied the effective assistance of counsel when his trial counsel was absent during jury reinstruction, thereby causing a structural defect in the proceedings.

VI. He was denied the effective assistance of counsel when his trial counsel failed to investigate and adequately prepare for trial.

VII. He was denied the effective assistance of counsel during his direct appeal when his appellate counsel, Daniel Rust, failed to raise more meritorious arguments.

Respondent has filed an answer to the petition contending that habeas claims IV through VII are time-barred and that all of the habeas claims lack merit. Because the statute of limitations issue is complicated to resolve due to Petitioner's re-sentencing, the Court shall not address that issue and shall instead proceed to the merits of Petitioner's claims.

**III. Standard of Review**

4

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539

U.S. at 520-21 (citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court"

and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.   Analysis**

    **A.   Effectiveness of Appellate Counsel after Re-Sentencing (Habeas Claims I-III)**

Petitioner asserts that he is entitled to habeas relief because appellate counsel after re-sentencing was ineffective for failing to pursue claims regarding the absence of counsel during jury "re-instruction," the proportionality of his sentence and the accuracy of the sentencing information, and the scoring of the sentencing guidelines. The record indicates that appellate counsel, rather than pursuing such issues on appeal, filed a motion to withdraw pursuant to Michigan Court Rule

7.211(C)(5), along with a brief indicating that the foregoing issues lacked merit pursuant to *Anders v. California*, 386 U.S. 738 (1967), with the Michigan Court of Appeals. The court granted the motion to withdraw, determined that the appeal was "wholly frivolous," and affirmed Petitioner's new sentence. *Johnson*, No. 293566 at *1. The Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] In *Anders v. California*, 386 U.S. 738, 744 (1967), the Supreme Court held that court-appointed appellate counsel may move to withdraw if, following "a conscientious examination" of the case, appellate counsel determines that the case is "wholly frivolous." The Supreme Court indicated that any request to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. A copy of the brief should be given to the defendant, along with time to allow him to raise his own claims. *Id*. The court must then decide, after a full examination of all the proceedings, whether the appeal is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal. *Id*. The Supreme Court has explained:

> [The *Anders*] requirement was designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability. The *Anders* requirement assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase – a diligent and thorough review of the record and an identification of any arguable issues revealed by that review. Thus, the *Anders* brief assists the court in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.

*McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439 (1988) (footnotes omitted).

---

[1] The Court notes that it would reach the same result under a *de novo* standard of review.

In *Smith v. Robbins*, 528 U.S. 259 (2000), the Supreme Court discussed the proper standard for reviewing a claim that appellate counsel was ineffective for seeking to withdraw rather than pursuing an appeal. The Supreme Court explained:

> [T]he proper standard for evaluating [a criminal defendant's] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Smith v. Murray*, 477 U.S. 527, 535-536, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) (applying *Strickland* to claim of attorney error on appeal). [The defendant] must first show that his counsel was objectively unreasonable, *see Strickland*, 466 U.S., at 687-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674, in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the defendant] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. *See id.* at 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

*Smith*, 528 U.S. at 285-86.

In this case, Petitioner has not shown that appellate counsel erred or that he was prejudiced by counsel's conduct in moving to withdraw rather than pursuing an appeal of the re-sentencing decision. The record indicates that appellate counsel reviewed the record and visited Petitioner in prison. Counsel determined after extensive review that there was no valid legal basis on which to challenge either the trial court's denial of Petitioner's claims on collateral review or the re-sentencing decision. Petitioner has failed to show that appellate counsel unreasonably failed to discover nonfrivolous issues and unreasonably failed to file a merits brief raising nonfrivolous issues following re-sentencing. He has also failed to demonstrate a reasonable probability that, but for appellate counsel's decision not to file a merits brief, he would have prevailed on appeal. To be sure, the Michigan Court of Appeals reviewed the matter and found that the appeal was

"wholly frivolous."

Simply stated, Petitioner underlying claims lack merit. First, as discussed *infra*, the trial court properly ruled on the motion for relief from judgment, including the jury "re-instruction" issue. Moreover, under Michigan law, appellate counsel would not have been able to raise alleged errors arising from Petitioner's trial on appeal of the re-sentencing decision. *See, e.g., People v. Gauntlett*, 152 Mich. App. 397, 400 n. 1, 394 N.W.2d 437 (1986) (citing *People v. Jones*, 394 Mich. 434, 231 N.W.2d 649 (1975)).

Second, Petitioner cannot prevail on any claim that his sentence is disproportionate under state law. Petitioner's sentence was within the statutory limits and the guidelines range. A sentence within the guidelines range is presumptively proportionate and constitutional under Michigan law, *see, e.g.*, *People v. Powell*, 278 Mich. App. 318, 323, 750 N.W.2d 607 (2008), and Petitioner has not rebutted that presumption. Furthermore, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Third, Petitioner has not shown that his sentence was based upon inaccurate information.

A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a

petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record indicates that the trial court considered the circumstances of the crime, Petitioner's criminal record, the pre-sentence reports, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports – and changes were ultimately made to accurately reflect Petitioner's prior convictions. Contrary to Petitioner's assertion, there is no evidence that the court relied upon any inaccuracies in calculating the guidelines or imposing sentence.

Fourth, Petitioner has not shown that the state sentencing guidelines were improperly scored. As explained by appellate counsel in his *Anders* brief and reflected in the re-sentencing hearing transcript, the prior record variables and offense variables were correctly scored based upon Petitioner's criminal history and the circumstances of the crime.

Accordingly, given that Petitioner's underlying claims lack merit, he cannot demonstrate that appellate counsel erred or that he was prejudiced by appellate counsel's conduct following the re-sentencing decision. Counsel cannot be deemed deficient for failing to raise meritless issues. *See, e.g., Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Petitioner has failed to establish appellate counsel was ineffective under the *Strickland* standard. Habeas relief is therefore not warranted on these claims.

**B.     Bindover Decision (Habeas Claim IV)**

Petitioner next asserts that he is entitled to habeas relief because he was not properly bound over to the state circuit court for trial and an amendment to the information was improper. The

11

state trial court denied relief on this claim on collateral review, finding that the trial court properly bound over Petitioner for trial on an open murder charge and that the subsequent amendment to the information to charge first-degree murder was proper. *Johnson*, No. 04-006744-01 at pp. 2-3. The Michigan appellate courts denied leave to appeal.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The Supreme Court has held that the federal Constitution does not require that a probable cause hearing be conducted prior to a criminal trial. *Gerstein v. Pugh*, 420 U.S. 103, 119, 125 n. 26 (1975). Accordingly, the bind-over decision constitutes a state law issue which does not implicate a federal constitutional right and is not subject to review in a federal habeas proceeding. *See Schacks v. Tessmer*, No. 00-1062, 2001 WL 523533, *6 (6th Cir. May 8, 2001) (unpublished) (refusing to review state court determination that second-degree murder conviction rendered bind-over sufficiency of the evidence challenge moot); *Dorchy v. Jones*, 320 F. Supp. 2d 564, 578-79 (E.D. Mich. 2004) (denying habeas relief on state prisoner's claim that there was insufficient evidence to bind him over for trial); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (ruling that habeas relief is not available for perceived violations of state law).[2]

With regard to the amendment to the information, it is well-settled that prosecutors have significant discretion in determining what charges to file against an accused provided that probable cause exists to believe that an offense was committed by the accused under the charging statute. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Davis*, 15 F.3d 526, 529 (6th Cir. 1994). Amendments to a state criminal information are permissible so long as the amendment

---

[2]Even under Michigan law, any error in the preliminary examination proceeding is considered harmless once a valid conviction has been obtained. *See People v. Hall*, 435 Mich. 599, 610-12, 460 N.W.2d 520 (1990).

does not alter the degree of the crime charged or unfairly surprise the defendant. *See, e.g., Wright v. Lockhart*, 854 F.2d 309, 312 (8th Cir. 1988); *Sharrar v. Foltz,* 658 F. Supp. 862, 866-67 (E.D. Mich. 1987). In this case, the amendment from open murder (which encompasses first-degree and second-degree murder) to first-degree murder two months before trial did not alter the crime charged nor unfairly surprise Petitioner. The amendment did not violate Petitioner's constitutional rights. Habeas relief is not warranted on this claim.

### C.  Absence of Counsel (Habeas Claim V)

Petitioner also asserts that he is entitled to habeas relief because trial counsel was absent during jury "re-instruction." The state trial court denied relief on this claim on collateral review, finding that the jury was not re-instructed during counsel's absence, but merely provided with exhibits, copies of previously read instructions, and the official chart of elements. The court also noted that discretionary communications with the jury were postponed until the prosecutor and defense counsel were present. *Johnson*, No. 04-006744-01 at pp. 3-5. The Michigan appellate courts denied leave to appeal.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Sixth Amendment to the United States Constitution provides for the right to counsel in criminal prosecutions. U.S. CONST. AMEND. VI. Consequently, a criminal defendant has a right to counsel during the critical stages of his criminal proceedings. *See, e.g., Bell v. Cone*, 535 U.S. 685, 695-96 (2002); *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000); *United States v. Cronic*, 466 U.S. 648, 659 (1984); *United States v. Wade*, 388 U.S. 218, 227 (1967); *see also Van v. Jones*, 475 F.3d 292, 311-12 (6th Cir. 2007).

The complete denial or absence of counsel at a critical stage of the proceedings is a *per se*

Sixth Amendment violation which mandates a presumption of prejudice and is generally not subject to harmless error review. *See Holloway v. Arkansas*, 435 U.S. 475, 489 (1978) (ruling that reversal is automatic when a defendant is denied counsel during a critical stage or throughout the prosecution of a capital offense); *see also Cronic*, 466 U.S. at 659-60; *Van*, 475 F.3d at 312. A partial denial of counsel or the absence of counsel at a non-critical stage of the proceedings, however, is not such a structural error. Rather, such a trial-type error requires an inquiry into the prejudicial effect and/or harmlessness of the error. *See Satterwhite v. Texas*, 486 U.S. 249, 256-58 (1988); *Rushen v. Spain*, 464 U.S. 114, 117-18 (1983); *Coleman v. Alabama*, 399 U.S. 1, 11 (1970); *Wade*, 388 U.S. at 239-40; *Hereford v. Warren*, 536 F.3d 523, 532-33 (6th Cir. 2008).

Initial jury instructions, supplemental instructions, and certain instances of re-instruction constitute critical stages of a trial. *See, e.g., Valentine v. United States*, 488 F.3d 325, 335 (6th Cir. 2007); *Caver v. Straub*, 349 F.3d 340, 350 (6th Cir. 2003). However, the re-reading of identical jury instructions does not. *Hudson v. Jones*, 351 F.3d 212, 217 (6th Cir. 2003). Providing the jury with a written copy of instructions that have already been delivered orally is also not a critical phase of a trial. *Phillips v. Bradshaw*, 607 F.3d 199, 224 (6th Cir. 2010). It is more of an administrative communication, one that is "outside of the class of 'critical stage' jury instructions that subjects a defendant to prejudice if made without counsel." *Peoples v. Lafler*, 734 F.3d 503, 519 (6th Cir. 2013) (citing *Coleman v. Alabama*, 399 U.S. 1, 9 (1970)).

In this case, the record indicates that the trial court merely provided the jury with instructions that had already been given, as well as exhibits and the elements list, while counsel was not present. Given such circumstances, such communication was not a critical stage of the proceedings – and prejudice is not presumed. Moreover, Petitioner has not shown that he was

prejudiced by counsel's absence during the trial court's communication with the jury. Petitioner has failed to establish a constitutional violation. Habeas relief is not warranted on this claim.

### D. Effectiveness of Trial Counsel (Habeas Claim VI)

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective in failing to prepare for trial. In particular, he claims that trial counsel was ineffective for failing to properly object to the bind-over decision and the amendment to the information, for failing to object to the jury "re-instruction," and for failing to contest the fourth habitual offender enhancement. The state trial court denied relief on this claim as to the bindover/amendment and jury re-instruction issues, but found that counsel was ineffective as to sentencing for failing to object to the habitual offender enhancement. *Johnson*, No. 04-006744-01 at pp. 5-7. The Michigan appellate courts denied leave to appeal.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690.

The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id*. at 788.

In this case, Petitioner cannot establish that trial counsel erred or that he was prejudiced by counsel's conduct as to the bind-over decision, the amendment to the information, or the jury "re-instruction" given the state court's ruling that the bind-over and amendment were proper and that

16

the jury was not "re-instructed" in counsel's absence. Trial counsel cannot be deemed deficient for failing to make a futile objection or motion. *Coley*, 706 F.3d at 752; *Steverson*, 230 F.3d at 225. Additionally, as to trial counsel's failure to object to the sentencing enhancement, the trial court found that trial counsel erred, ordered re-sentencing, and re-sentenced Petitioner without the enhancement. There is no additional remedy that this Court can provide. Habeas relief is not warranted on this claim.

### E. Effectiveness of Appellate Counsel on Direct Appeal (Habeas Claim VII)

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel on direct appeal was ineffective for failing to raise more meritorious issues. Given the state court's and this Court's determination that the bind-over/information amendment and jury re-instruction issues lack merit and do not warrant habeas relief, Petitioner cannot establish that appellate counsel was deficient and/or that he was prejudiced by appellate counsel's conduct with respect to those matters as required under *Strickland*. As to appellate counsel's failure to raise the sentencing enhancement issue on direct appeal, the trial court found that appellate counsel erred, ordered re-sentencing, and re-sentenced Petitioner without the enhancement. Again, there is no additional remedy that this Court can provide. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id*. at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court denies a certificate of appealability. The Court also denies leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: April 14, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 14, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

18